UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WAYNE ROGERS, | : | |
| Plaintiff, | : | CASE NO. 3:16-cv-457 (MPS) |
| | : | |
| v. | : | |
| | : | |
| GERALD HINES, et al., | : | |
| Defendants. | : | DECEMBER 20, 2016 |
| | : | |

**RULING AND ORDER**

Plaintiff Wayne Rogers, currently incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983. By Initial Review Order filed May 4, 2016, the Court dismissed all claims against defendants Chapdelaine, Guadarrama, Millian, Malorana, and Bennett. The case proceeds against defendants Hines, Rivera, Anaya, Mahoney, Strange, Danek, Mclain, and Simmons[1] on claims for sexual assault and sexual harassment, use of excessive force, unconstitutional conditions of confinement, supervisory liability, and deliberate indifference to safety. *See* ECF No. 13 at 10.

This ruling addresses Plaintiff's motions for protective order, to compel and for sanctions. For the reasons that follow, the motions are denied.

I.      Motion for Protective Order

---

[1] Plaintiff incorrectly identified this defendant as Simons in the complaint. The Court will use the correct spelling.

Plaintiff has filed a document[2] entitled "Motion for a protective order" in which he requests that "a protective order be placed against Defendants, Mahoney, Strange, Simmons, and Mclain due to the allegations in the claim of excessive force and sexual assault."  ECF No. 39.  Plaintiff states that he sees Defendants Mahoney and Strange occasionally, Defendant Simmons rarely, and Defendant Mclain daily.

Under the Federal Rules of Civil Procedure, a motion for protective order is filed pursuant to Rule 26(c).  Protective orders are designed to address discovery abuses.  *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-36 (1984) (protective orders, issued pursuant to Rule 26(c), allow courts to protect against discovery abuses); *Burgess v. Town of Wallingford*, No. 3:11cv1129(CSH), 2012 WL 4344194, at * (D. Conn. Sept. 12, 2012) (same).  As Plaintiff does not identify any discovery abuses, his motion is not properly filed pursuant to Rule 26(c).

Plaintiff appears to seek preliminary injunctive relief in the form of a separation order between himself and Defendants Mahoney, Strange, Simons and Mclain.  The Court will consider Plaintiff's request pursuant to Rule 65, Fed. R. Civ. P.

"[D]istrict courts may grant a preliminary injunction where a plaintiff demonstrates irreparable harm and meets one of two related standards: either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party."  *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (citations and internal quotation marks omitted).  When the moving party

---

[2] The document bears the case caption of another of the plaintiff's cases.  However, the individuals referenced in the motion are defendants in this case, not the captioned case.

seeks "a mandatory preliminary injunction that alters the status quo by commanding some positive act," however, the burden is higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citation and internal quotation marks omitted). The court should not grant mandatory injunctive relief absent "a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from the denial of preliminary relief." *Id.* (citation omitted). Here, Plaintiff seeks a mandatory injunction requiring either a change in staffing assignments or his transfer. Thus, he must meet the higher standard.

Plaintiff makes no showing in his motion that he is entitled to the requested relief. Nor has he demonstrated that he will suffer serious harm should the requested relief be denied. Plaintiff alleges one incident of improper sexual contact occurring in 2015. Although he states that he sees Defendant Mclain daily, he alleges no other incidents of sexual contact or harassment. The Court concludes that preliminary injunctive relief is not warranted in this case. Accordingly, Plaintiff's motion is denied.

II.     Motions to Compel and for Sanctions

Plaintiff has filed two motions addressing the delay in receiving Defendants' motion to dismiss. Defendants' motion was filed on August 29, 2016, with a supplemental motion filed the following day. On September 14, 2016, Plaintiff filed a motion seeking a copy of the motion. On September 16, 2016, the Court denied the motion without prejudice to refiling if Plaintiff had not received a copy of the motion to dismiss by September 21, 2016. *See* ECF Nos. 40, 43.

On September 21, 2016, Plaintiff filed a motion to compel stating that he did not receive the motion. He also filed a motion for sanctions against Defendants for failure to timely serve the motion to dismiss. In opposition, Defendants have filed a receipt signed by Plaintiff

3

indicating that a copy of the motion to dismiss was hand-delivered to him on September 21, 2016. In addition, the docket reflects that Plaintiff filed a memorandum in opposition to the motion to dismiss on September 28, 2016, confirming that he did receive a copy of the motion.

As Plaintiff received the motion to dismiss by the date specified in the Court's order, his motions to compel and for sanctions are denied.

III.    Conclusion

Plaintiff's motion for protective order [**ECF No. 39**], which the Court has construed as a motion for preliminary injunctive relief, is **DENIED**. Plaintiff's motions to compel [**ECF No. 44**] and for sanctions [**ECF No. 45**] also are **DENIED**.

**SO ORDERED** this 20th day of December 2016 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge